UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

   Plaintiff,

v.

Rudy Carcamo-Carranza,

   Defendant.

Criminal No. ~~17-cr-20098~~
17-20293

Honorable George Caram Steeh

Offenses:
**Count 1**: Unlawful Reentry into the United States, 8 U.S.C. § 1326(a)

**Count 2**: Use of Immigration Document Procured by Fraud, 18 U.S.C. § 1546(a)

Imprisonment:
**Count 1**: Up to 2 years, 10 years or 20 years imprisonment

**Count 2**: Up to 10 years imprisonment

Fine: Up to $250,000

Supervised Release: Up to 3 years

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Rudy Carcamo-Carranza, and the government agree as follows:

1.  **GUILTY PLEA**

    A.  **Counts of Conviction**

    Defendant agrees to plead guilty to Count 1 of the Indictment, charging a violation of Unlawful Reentry into the United States, 8 U.S.C. § 1326(a) and Count 2 of the Indictment, charging a violation of Use of Immigration Document Procured by Fraud, 18 U.S.C. § 1546(a).

    B.  **Elements of Offenses**

    The elements of Unlawful Reentry into the United States (Count 1) are:

    1.  Defendant is an alien;

    2.  Defendant was excluded, deported, or removed from the United States;

    3.  Defendant thereafter entered, attempted to enter, or was found in the United States;

    4.  Defendant did not obtain the express permission of the Attorney General or the Secretary of the Department of Homeland Security to reapply for permission to enter the United States.

2

The elements of Use of Immigration Document Procured by Fraud (Count 2) are:

1. The Defendant knowingly used an alien registration receipt card, otherwise known as a "green card";

2. The green card was falsely made, procured by means of a false claim or statement, was procured by fraud or had been unlawfully obtained;

3. That the Defendant knew that the green card was falsely made, procured by means of a false claim or statement, was procured by fraud or had been unlawfully obtained.

**C.  Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty Plea to Count 1: Defendant, Rudy Carcamo-Carranza, not being a citizen or a national of the United States, is an alien. Defendant was deported or removed from the United States at or near Alexandria, Louisiana on or about: January 14, 2015. On or about March 23, 2017, defendant was found in the United States at or near

Warren, Michigan within the Eastern District of Michigan. At no time did defendant obtain the express permission of the Attorney General or the Secretary of the Department of Homeland Security to reapply for permission to enter the United States.

The following facts are a sufficient and accurate basis for defendant's guilty Plea to Count 2: On or about September 28, 2016, in the Eastern District of Michigan, the defendant, Rudy Carcamo-Carranza, knowingly used an Alien Registration Receipt Card, otherwise known as a "Green Card", to obtain employment at the Kruse and Muer, a restaurant located in Troy, Michigan. The green card used by the defendant was falsely made, or had been procured by means of any false claim or statement, or had been otherwise procured by fraud or had been unlawfully obtained. The defendant knew that the green card was falsely made, or had been procured by means of any false claim or statement, or had been otherwise procured by fraud or had been unlawfully obtained.

### D. Maximum Penalties

A violation of 8 U.S.C. § 1326 (a), a Class E felony, is punishable by up to a maximum term of imprisonment of 2 years, a maximum fine of $250,000, or both, and a term of supervised release of up to 1 year. NOTICE OF ENHANCEMENT: Under the following two circumstances the maximum term of supervised release is

3 years and the term of imprisonment is enhanced as follows: (1) up to 10 years imprisonment if defendant's removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony); and (2) up to 20 years imprisonment if defendant's removal was subsequent to a conviction for commission of an aggravated felony. In both of these circumstances the maximum fine remains $250,000.

A violation of 18 U.S.C. § 1546 (a), a Class C felony, is punishable by up to a maximum term of imprisonment of 10 years, a maximum fine of $250,000, or both, and a term of supervised release of up to 3 years.

2. **SENTENCING GUIDELINES**

   A. **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B. **Sentencing Guideline Computation**

   There is no agreement between the parties on the calculation of the sentencing guidelines. The parties agree that the Court will determine the guideline range.

3.  **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

    A.    **Imprisonment**

Pursuant to Rule 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by the Court.

    B.    **Criminal History**

If the government discovers a conviction other than those it disclosed to the defense prior to sentencing, or information about a conviction that differs from the information the government disclosed to the defense prior to sentencing, the government shall have the right to withdraw from this agreement prior to sentencing or to seek a sentence that exceeds the top of the applicable sentencing guideline range as determined by the Court.

    C.    **Supervised Release**

The parties agree that a term of non-reporting supervised release for one year will follow any term of imprisonment imposed. The government may seek a period of non-reporting supervised release that is longer than one year, and the Court may impose a term of supervised release up to the statutory maximum term. The agreement concerning imprisonment described above in Paragraph 3A does

not apply to any term of imprisonment that results from any later revocation of supervised release.

### D. Special Assessment

Defendant will pay a special assessment of $100 and must provide the government with a receipt for the payment before sentence is imposed.

### E. Fine

There is no agreement as to fines.

### F. Restitution

Restitution is not applicable to this case.

## 4. IMMIGRATION CONSEQUENCES OF THE PLEA

### A. Padilla Waiver

Defendant acknowledges that he is not a citizen of the United States, and that his guilty plea in this case may affect or even foreclose his eligibility to remain in this country following the imposition of sentence herein. Defendant has discussed these matters with his attorney in this case, but he expressly agrees that his decision to plead guilty is in no way conditioned upon or affected by the advice he has been given regarding any potential immigration consequences of his conviction. Defendant further agrees that because his decision to plead guilty in

7

this case is wholly independent of the immigration consequences of a conviction, defendant agrees that he will not seek to challenge his guilty plea in any later proceeding via collateral attack on any basis relating to the immigration consequences of his plea.

### B. Subsequent Deportation or Removal

Defendant agrees that he is a citizen of El Salvador and an alien removable or deportable from the United States under the Immigration and Nationality Act. Defendant further agrees to be subject to 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8, providing that removal and deportation orders shall be reinstated against those who illegally reenter the United States after removal or deportation, and defendant agrees not to contest, obstruct, or hinder in any way, such reinstatement at the end of the term of imprisonment imposed pursuant to this plea agreement.

### C. Use of Withdrawn Guilty Plea

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## 5. OTHER CHARGES

If the Court accepts this agreement, the government will dismiss all remaining charges in the Indictment, namely Count 3, Count 4, Count 5 and Count 6.

## 6. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court decides to impose a sentence lower than the minimum allowed by Part 3. Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 7. WAIVER OF APPEAL

Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum of the guideline range determined

by the Court, the defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by the Court the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range. Nothing in this waiver shall be construed to bar a claim of ineffective assistance of counsel, provided that the defendant properly raises such claim by collateral review under 28 U.S.C. § 2255.

### 8. CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea. Defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 9. PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 10. SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

11

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 11. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 11:00 A.M. on Tuesday, June 27, 2017. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

DANIEL L. LEMISCH
Acting United States Attorney

_____
Gary M. Felder
Deputy Chief, National Security Unit

_____
Timothy P. McDonald
Special Assistant U.S. Attorney

Date: 6-20-17

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS
READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT,
AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS
SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION.
DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE
OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF
HIS QUESTIONS ANSWERED BY HIS LAWYER.

_____
Natasha Webster
Attorney for Defendant

Date: June 24, 2017

_____
Rudy Carcamo-Carranza
Defendant